Filed 4/30/26  P. v. Herrera CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>SERGIO HERRERA,<br><br>　　Defendant and Appellant. | 2d Crim. No. B347803<br>(Super. Ct. No. 2025010678)<br>(Ventura County) |

Sergio Herrera appeals a judgment following his guilty plea to evading an officer (Veh. Code, § 2800.2, subd. (a); count 1), possession of a hard drug with prior Health and Safety Code convictions (Health & Saf. Code, § 11395, subds. (b)(1) & (c); counts 3 & 4), and driving under the influence of a drug (Veh. Code, § 23152, subd. (f)); count 6).  He also admitted a prior strike allegation under the Three Strikes law.  (Pen. Code, §§ 667, subds. (c)(1) & (e)(1); 1170.12, subds. (a)(1) & (c)(1).)

Ventura police officer Jaclyn Stone saw Herrera "passed out in a black BMW sedan."  As she approached the car, Herrera began to back up.  She ordered him to "pull over."  He disobeyed

her order and drove away. He accelerated to a "high rate of speed," entered an intersection in the wrong direction, ran a red light, and caused other motorists to "swerve" to avoid a traffic collision. A high-speed pursuit ensued.

Police officers located Herrera hiding in a park and found methamphetamine and fentanyl near his person. The officers conducted a driving while under the influence evaluation and determined that Herrera was driving "under the influence of a narcotics analgesic." After his arrest, Herrera's blood was drawn which confirmed that he was "positive for methamphetamine and fentanyl."

Following a plea agreement, the trial court struck the strike allegation and sentenced Herrera to the upper term of 3 years on count 1 and consecutive sentences of eight months on counts 3 and 4, for an aggregate prison term of four years and four months. The court did not impose a sentence for count 6.

We appointed counsel to represent Herrera. Counsel examined the record and filed an opening brief requesting that this court independently review the entire record on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

On January 29, 2025, we sent a notice to the address on file for Herrera advising him that he had 30 days to submit any grounds for appeal, contentions, or arguments he wished us to consider. We have received no such submission from Herrera.

We have reviewed the entire record and are satisfied that Herrera's counsel has fully complied with his responsibilities and that no arguable issue exists. (*Wende*, *supra*, 25 Cal.3d at p. 443.)

DISPOSITION

The judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>


BALTODANO, J.


We concur:



YEGAN, Acting P. J.



CODY, J.

David M. Hirsh, Judge

Superior Court County of Ventura

_____

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.